The Honorable Armil O. Curran State Representative 210 West Main Street Clarksville, AR 72830-3019
Dear Representative Curran:
This is in response to your request for an opinion on the following question:
 When a city prisoner is detained in the county jail, does the city have the responsibility to reimburse the county for keeping the prisoner before trial? If the person is tried for the offense for which he was detained and is found guilty and sentenced to the county jail, is it the responsibility of the county or the city to bear the cost of detaining the prisoner after sentence?
 The answer to the first part of your question is found in A.C.A. § 12-41-506 (Cum. Supp. 1993) wherein it states:
 (a)(1) In the absence of an agreement on jail costs between a county and all municipalities having law enforcement agencies in the county, the quorum court in a county in this state may by ordinance establish a daily fee to be charged municipalities for keeping prisoners of municipalities in the county jail.
 (2) The fee shall be based upon the reasonable expenses which the county incurs in keeping such prisoners in the county jail.
 (b)(1) Municipalities whose prisoners are maintained in the county jail shall be responsible for paying the fee established by the quorum court in the county.
 Thus, if there is no agreement on jail costs, the city must pay the daily fee established by county ordinance.
The answer to the second part of this question will, I believe, following passage of Act 555 of 1995, depend upon the particular sentence imposed. Subsection (b)(2) of § 12-41-506 (Cum. Supp. 1993) states:
 When a person is sentenced to a county jail for violating a municipal ordinance, the municipality shall be responsible for paying the fee established by an agreement or ordinance of the quorum court in the county. [Emphasis added.]
 This language was added to § 12-41-506 by Act 516 of 1993. In accordance with this provision, therefore, the city will be responsible for paying the fee when a person is sentenced for a municipal ordinance violation.
It should be noted in this regard that Act 555 of 1995 repealed language in § 12-41-506 which formed the basis for the conclusion in Attorney General Opinion 93-174 (copy enclosed) that municipalities will pay the fee whenever a person is sentenced to the county jail for a misdemeanor offense committed within the municipality. This followed from the requirement in subsection (b)(4) of § 12-41-506 (Cum. Supp. 1993) that "[m]unicipalities operating law enforcement agencies shall adopt state criminal laws by reference." Each state misdemeanor offense committed within the municipality would, as a result of § 12-41-506(b)(4), also constitute a municipal ordinance violation.
This is no longer the case, however, because § 12-41-506(b)(4) was repealed by Act 555 of 1995. See Acts 1995, No. 555, § 1. Reference must now be made to the sentence imposed in order to ascertain the city's responsibility for paying the fee.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh